USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CEDRIC PARTEE,

                        Plaintiff,        MEMORANDUM AND ORDER

              -v-                         08 Civ. 4007 (NRB)

WILLIAM J. CONNOLLY, ELIZABETH
WILLIAMS, DENISE WILLIAMS and
MOHAMMAD AHMED,

                        Defendants.

------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pro se plaintiff Cedric Partee brings this action under 42 U.S.C. § 1983 against defendants Superintendent William Connolly, Deputy Superintendent/Health Care Elizabeth Williams, Dr. Denise Williams and Dr. Mohammad Ahmed, alleging deliberate indifference to his dental needs by New York State Department of Correctional Services ("DOCS") personnel in violation of his Eighth Amendment rights. Defendants now move to dismiss this case arguing, inter alia, that plaintiff should not be permitted to proceed in forma pauperis. For the reasons set forth below, plaintiff's in forma pauperis status is revoked, and this case is dismissed without prejudice to its reinstatement if plaintiff pays the required filing fee of $350.00 within sixty (60) days.

## BACKGROUND[1]

Plaintiff, currently incarcerated at the Coxsackie Correctional Facility, has been in DOCS' custody since 1984, when he was convicted of murder in the second degree. He brings the present action under 42 U.S.C. § 1983, alleging that defendants displayed deliberate indifference to his dental needs in violation of the Eighth Amendment. (Mem. at 1; Compl. at 3.) While incarcerated, plaintiff has filed at least four lawsuits in this district and appeals to the Second Circuit, not including the present case. Those four proceedings may be briefly described as follows:

> (1) Partee v. State of New York, et al., No. 86 Civ. 8053(MBM): On October 20, 1986, plaintiff filed a complaint under 42 U.S.C. § 1983 and was granted permission to proceed in forma pauperis. On April 26, 1988, the court dismissed plaintiff's claim with prejudice pursuant to Rule 12(b)(6) for failure to state a federal claim.
>
> (2) Partee v. State of New York, et al., No. 90-2288: Following plaintiff's appeal in forma pauperis of the district court's April 26, 1988 order, the Second Circuit on August 29, 1990 granted appellee's motion to dismiss because plaintiff had not filed a notice of appeal until May 3, 1990 -- more than two years after the district court had dismissed plaintiff's case, and well after the thirty-day deadline to appeal had expired.
>
> (3) Partee v. Sup't Connolly, et al., No. 07 Civ. 05498(KMW): On June 11, 2007, plaintiff filed a

---

[1] The following facts have been drawn from the complaint ("Compl."), Defendants' Memorandum of Law in Support of Motion to Dismiss ("Mem.") and the exhibits attached to the Declaration of Frederick H. Wen in Support of Defendants' Motion to Dismiss the Complaint ("Def. Ex.").

2

complaint under 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. That same day, however, the court dismissed plaintiff's case sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted.

(4) Partee v. Goord, et al., No. 06 Civ. 15528(SAS): On December 29, 2006, plaintiff was granted leave to file a complaint in forma pauperis alleging under 42 U.S.C. § 1983 (as he does here) that several DOCS employees acted with deliberate indifference to his dental needs. The court dismissed plaintiff's case on July 25, 2007 under Rule 12(b)(6) for failure to state a claim. Plaintiff appealed this dismissal on August 23, 2007, and on June 5, 2009, the Second Circuit affirmed the district court's dismissal of plaintiff's case.[2]

On April 29, 2008,[3] plaintiff was granted leave to proceed in forma pauperis in the instant action.

## DISCUSSION

In the instant motion to dismiss, defendants argue, inter alia, that plaintiff is barred by the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from proceeding in forma pauperis in this case because he has already filed three or more actions or appeals in federal

---

[2] In a letter to the Court dated June 15, 2009, plaintiff argues that defendants had "impermissibly offered matters outside of the record" in their motion to dismiss. To the extent that plaintiff is referring to our consideration of prior case dispositions, we have the authority to take judicial notice of court records. See Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996); see also Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." (internal citation omitted)).

[3] Plaintiff submitted his complaint in this case to the Pro Se Office on March 20, 2008.

3

court that have been dismissed on the basis of one of the grounds enumerated by the statute.  Section 1915(g) of Title 28 of the United States Code provides that:

> [I]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of § 1915(g) is to "stem the tide of egregiously meritless lawsuits" by "forcing prisoners to go through the same thought process non-inmates go through before filing a suit, i.e. is filing this suit worth the costs?"  Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007) (internal citation omitted).

In light of this goal, the Second Circuit, together with its sister circuits, has laid out a number of rules concerning how to count strikes for the purposes of § 1915(g).  First, an action is frivolous for purposes of the statute if it "lacks an arguable basis either in law or in fact."  Id. at 442 (internal quotation marks omitted).  The statute's use of the phrase "fails to state a claim upon which relief may be granted" explicitly refers to Rule 12(b)(6).  Id.  Dismissals before the passage of § 1915(g) count as strikes, Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000), although a dismissal does not count as

4

a strike until after the opportunity to appeal has been exhausted or waived. See Jennings v. Natrona County Detention Center Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) (counting a dismissal as a strike before the time for appeal has been exhausted or waived would "freeze out meritorious claims or ossify district court errors," whereas § 1915(g) was intended to "penalize litigation that is truly frivolous"). If an appellate court simply affirms a district court's dismissal, together the decisions constitute a single strike. However, when a district court dismisses an action for any of the reasons set forth under the statute and the subsequent appeal is denied as frivolous, then the two decisions count as separate strikes. See Jennings, 175 F.3d at 780; see also Tafari v. McGinnis, No. 02 Civ. 1733(HB), 2007 WL 1052455, at *2 (S.D.N.Y. Apr. 6, 2007) (counting as separate strikes a dismissal by the district court pursuant to Rule 12(b)(6) and the Second Circuit's subsequent dismissal of the litigant's appeal for frivolousness).

Applying these rules, we conclude that plaintiff has accumulated at least three strikes for the purposes of § 1915(g). First, plaintiff concedes that he should receive a strike for the June 11, 2007 dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of Partee v. Sup't Connolly, et al., No. 07 Civ. 05498(KMW). (Plaintiff's Memorandum of Law in Opposition

5

to Defendant's Rule 12(B) Motion to Dismiss the Complaint ("Opp.") at 5.) Plaintiff's second strike comes from the April 26, 1988 dismissal with prejudice, pursuant to Rule 12(b)(6), of Partee v. State of New York, et al., No. 86 Civ. 8053(MBM). Finally, we assess a third strike to plaintiff for the Second Circuit's August 29, 1990 dismissal of plaintiff's appeal in Partee v. State of New York, et al., No. 90-2288.

We believe that this third strike is properly assessed because the Second Circuit dismissed plaintiff's appeal on the ground that his notice of appeal was filed nearly two years too late. Such a grossly overdue appeal was, by definition, lacking a basis in law and fact, and thus was "frivolous" under the meaning of § 1915(g). See Hues, 473 F.3d at 442. As such, that late appeal is clearly distinguishable from the appeal that was at issue in Hues, where the Second Circuit held that a premature appeal was not "frivolous" for purposes of § 1915(g) because such an appeal was not "irremediably defective." Id. at 443. Accordingly, we conclude that assessing a strike for plaintiff's late appeal is consistent with the statute's apparent purpose of "stem[ming] the tide of egregiously meritless lawsuits."[4] Id.

---

[4] We note also the existence of a possible fourth strike against plaintiff: the July 25, 2007 dismissal pursuant to Rule 12(b)(6) of Partee v. Goord, et al., No. 06 Civ. 15528(SAS). However, as discussed above, an action cannot count as a strike until a litigant has exhausted or waived the opportunity to appeal. Although the Second Circuit recently affirmed the dismissal of this case, plaintiff has fourteen days to petition for rehearing en banc and ninety days to petition for a writ of certiorari. In an abundance of

6

Although plaintiff has therefore accrued at least three strikes, he argues that he falls into the "imminent danger" exception to § 1915(g) because he was "denied the minimal civilized measure of life's necessities leading to extreme pain, loss of teeth, discomfort, infection and life threaten[ing] complications."[5] (Opp. at 6.)

The imminent danger exception to § 1915(g) applies only where the risk to the prisoner of serious physical harm exists at the time the complaint is filed. See Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009); see also Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) (past harm is not grounds for avoiding application of the "three strikes" rule). The alleged physical harm must be "fairly traceable to unlawful conduct asserted in the complaint," Pettus, 554 F.3d at 298-99 (emphasis omitted), and must also be real, and not "merely speculative or hypothetical," Jackson v. Fischer, No. 07 Civ. 1279(TJM), 2009 WL 396424, at *3 (N.D.N.Y. Feb. 17, 2009) (internal citation omitted).

---

caution, we thus decline at this time to designate Judge Scheindlin's dismissal as a fourth strike.

[5] Although the Second Circuit has instructed that district courts should focus on the pleadings for purposes of determining whether a litigant falls under the imminent danger exception, see Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009)(considering only the litigant's complaint in determining whether the imminent danger exception was invoked), because of the Circuit's general policy of construing the pleadings of pro se litigants liberally, Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), we also consider plaintiff's Memorandum in Opposition to Defendant's Rule 12 Motion to Dismiss.

7

Here, we find that plaintiff has not alleged facts arising to the level of imminent danger. Although he claims that he is at risk of "life threaten[ing] complications," his assertions are vague and conclusory, and are not "fairly traceable" to the alleged delay in providing dental care. See Pettus, 554 F.3d at 298-99. Indeed, plaintiff's claimed harms are nearly identical to those he raised in his 2006 action, with both complaints alleging "pain, loss of teeth, discomfort, . . . infection and life threatening complications[]." Compare Partee v. Goord, No. 06 Civ. 15528(SAS), 2007 WL 2164529, at *5 (S.D.N.Y. July 25, 2007) (quoting plaintiff's complaint from 2006 action) with Compl. at 3. As such, it appears that plaintiff's alleged dental issues, while ongoing, are not so severe as to rise to the level of what other courts have concluded constitutes "imminent danger" of serious physical injury. See, e.g., Ibrahim v. District of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (finding that denial of adequate treatment for Hepatitis C, a "chronic and potentially fatal disease," constitutes imminent danger); Ciarpaglini v. Saini, 352 F.3d 328, 330-31 (7th Cir. 2003) (invoking imminent danger exception where plaintiff alleged heart palpitations, chest pains, labored breathing, choking sensations and paralysis in his legs and back). In addition, the record reflects that plaintiff received follow-up dental care on April 11, 2008, less than one month

8

after his complaint in this case was received by the Pro Se Office.[6] (See Def. Ex. C.) Consequently, we find that the imminent danger exception to the "three strikes" rule of the PLRA does not apply here.[7]

We do pause to note, for the benefit of any reviewing court, that even were we to allow plaintiff to proceed in forma pauperis, his claims would face numerous additional procedural and substantive hurdles. Indeed, as discussed above, on July 25, 2007, Judge Scheindlin dismissed a complaint brought by plaintiff alleging similar facts on the ground that plaintiff had failed to state a claim upon which relief could be granted under 28 U.S.C. §1915(e)(2)(B)(ii).

---

[6] Because plaintiff subsequently received follow-up dental treatment, and because the record does not reflect that plaintiff has a potentially life-threatening condition for which he needs immediate medical attention, this case is distinguishable from McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002), in which the Eighth Circuit invoked the imminent danger exception where the plaintiff was allegedly suffering from a spreading gum infection for which he had been denied treatment. Id. at 710.

[7] Plaintiff also argues that he falls within the imminent harm exception because defendants "contrived an inmate attack upon plaintiff on June 15, 2008, in retaliation of this complaint, resulting in the loss of plaintiff's ear." (Opp. at 6.) This argument fails both because this alleged incident took place after the complaint was filed and because it is wholly unrelated to the alleged injuries giving rise to this lawsuit -- namely, deliberate indifferent to plaintiff's dental needs.

9

## CONCLUSION

For the foregoing reasons, plaintiff's permission to proceed in forma pauperis is hereby revoked. This case is dismissed without prejudice to its reinstatement if plaintiff pays the required filing fee of $350.00 within sixty (60) days.[8]

**IT IS SO ORDERED.**

Dated:  New York, New York
        June 23, 2009

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[8] Given our findings set forth above, at this time we do not address defendants' other arguments in support of their motion to dismiss.

10